RECEIVED
IN LAKE CHARLES, LA.
SEP 29 2016
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| ROBERT LEE BOUDREAUX, et al., Plaintiffs | * | CIVIL ACTION NO. 2:14-cv-2283 |
| v. | * | JUDGE MINALDI |
| AXIALL CORP., et al., Defendants | * | MAGISTRATE JUDGE KAY |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM RULING

In considering the Magistrate Judge's Report and Recommendation (Rec. Doc. 82), the court conducts an independent review of the record and a *de novo* determination of the issues. The court also considers the plaintiffs' Objections (Rec. Doc. 83) and the defendants' Response (Rec. Doc. 84). For the following reasons, the court finds merit in the plaintiffs' objections to the Report and Recommendation and the plaintiffs' Motion to Remand (Rec. Doc. 17) will be **GRANTED** and their Motion for Attorney Fees (Rec. Doc. 17) will be **DENIED.**

## FACTS AND PROCEDURAL BACKGROUND

Plaintiffs filed suit in state court against Axiall Corporation (Axiall), Georgia Gulf Corporation (Georgia Gulf), Georgia Gulf Lake Charles, LLC (Georgia Gulf LC), Eagle US 2, LLC (Eagle), Sun, LLC (Sun), Turner Industries Group, LLC (Turner), Levingston Group LLC (Levingston), and Vector Electric & Controls, Inc. (Vector).[1] Plaintiffs seek to recover damages for alleged brine spills originating from pipelines owned and operated by Eagle which they claim contaminated their property.[2]

---

[1] Compl. (Rec. Doc. ).
[2] 1 This suit is related to *Lyons v. Axiall*, No. 15-cv-1674 (W.D. La.) and *Marburger v. Axiall*, No. 15-cv-2354 (W.D. La.).

1

Eagle removed the case based on diversity jurisdiction. It alleges that the amount in controversy exceeds $75,000 and that plaintiffs, who are citizens of Louisiana, are completely diverse from defendants Axiall, Georgia Gulf, Georgia Gulf LC, and Eagle (collectively referred to as the removing defendants). They further allege that defendants Sun, Turner, Levingston, and Vector (collectively referred to as the non-diverse defendants), who are citizens of Louisiana, were improperly joined to defeat diversity jurisdiction.[3] Sun and Turner are companies that contracted with Eagle to perform work in the brine field, including welding leaks, making above ground visual inspections, and assisting with leak remediation.

Plaintiffs filed a motion to remand claiming that removal was improper because they have alleged valid claims against the non-diverse defendants and the removing defendants have failed to carry their burden of showing improper joinder.[4] Plaintiffs concede that the amount in controversy is met. The removing defendants filed an opposition to the remand[5] and plaintiffs subsequently requested jurisdictional discovery.[6] The unopposed motion to conduct jurisdictional discovery was granted on October 7, 2014.[7] The court allowed discovery "related to the claims against the in-state defendants."[8] After a year of discovery, plaintiffs filed a supplemental memorandum in support of their motion to remand on November 1, 2015.[9] Plaintiffs again argue that they pleaded sufficient facts for relief against the non-diverse defendants and that the removing defendants have failed to meet their burden of showing that the non-diverse defendants were improperly joined. In their supplemental memorandum in opposition to remand, the removing defendants argue that plaintiffs have failed to state a cause of action against the non-

---

[3] Removal (Rec. Doc. 1).
[4] Motion to Remand (Rec. Doc. 17).
[5] Response (Rec. Doc. 24).
[6] Motion to Conduct Jurisdictional Discovery (Rec. Doc. 26).
[7] Granting Jurisdictional Discovery (Rec. Doc. 28).
[8] Order Granting Jurisdictional Discovery (Rec. Doc. 28).
[9] (Rec. Doc. 64).

2

diverse defendants and that the evidence unveiled during jurisdictional discovery does not show that plaintiffs can recover against the non-diverse defendants.[10]

The Magistrate Judge issued a Report and Recommendation, and she found that the plaintiffs had not shown that they could recover against the non-diverse defendants and denied the Motion to Remand.[11] The Magistrate Judge concluded that the non-diverse defendants owed a duty to the plaintiffs under Louisiana Civil Code article 2315, and that their complaint stated a claim for relief. However, because the complaint misstated or omitted discrete facts, she pierced the pleadings to conduct a summary inquiry. In the summary inquiry, she determined that the removing defendants carried their burden of showing that there was no reasonable basis for the court to predict that the plaintiffs could recover against the non-diverse defendants.[12] This conclusion was based on evidence presented by the removing defendants which established that the removing defendants "intended to exercise complete operational control over Sun and Turner,"[13] that the pipeline leaks were not caused by failed welds done by Sun or Turner,[14] and that Sun and Turner did not make decisions regarding remediation of the spills.[15] The plaintiffs filed an objection[16] and the defendants filed a response.[17]

In their objection to the Report and Recommendation, the plaintiffs argue that the non-diverse defendants' negligence was not based solely on failed welds or negligent remediation, but rather on negligent detection of leaks. Additionally for the first time, the plaintiffs raise the

---

[10] (Rec. Doc. 65). The plaintiffs and defendants filed several other memoranda on the issue and conducted a hearing before the Magistrate Judge. *See* (Rec. Docs. 74, 77, 78, 79, 80, 81).
[11] Report and Recommendation (Rec. Doc. 82).
[12] Report and Recommendation (Rec. Doc. 82), p. 8.
[13] Report and Recommendation (Rec. Doc. 82), p. 8.
[14] Report and Recommendation (Rec. Doc. 82), pp. 8-10.
[15] Report and Recommendation (Rec. Doc. 82), pp. 9-10. The Report and Recommendation also addresses the plaintiffs argument that they have a claim against the non-diverse defendants as third-party beneficiaries of the contract. (Rec. Doc. 82), pp. 12-14. Because the court finds that the plaintiffs have a reasonable basis to predict recovery under Louisiana tort law, we do not address the plaintiffs' third party beneficiary argument.
[16] (Rec. Doc. 83).
[17] (Rec. Doc. 84).

argument that whether the removing defendants had operational control over the non-diverse defendants is irrelevant to whether the non-diverse defendants' actions were negligent. For the reasons explained below, the court finds that the plaintiffs objections have merit.

## **LAW AND ANALYSIS**

### I.     Improper Joinder Standard of Review

To establish that a non-diverse party has been improperly joined, the removing party must show either "(1) actual fraud in the pleading of jurisdictional facts or (2) inability of the plaintiff to establish a cause of action against the non[]diverse party in state court." *Davidson v. Georgia* Pacific, 819 F.3d 758, 765 (5th Cir. 2016) (citing *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013)). Here, the defendants argue that the plaintiffs cannot establish a cause of action against the non-diverse defendants.[18]

"[T]he test for [improper] joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). "'This means that there must be a reasonable possibility of recovery, not merely a theoretical one.' The burden of persuasion on a party claiming improper joinder is a 'heavy one.'" *Kling Realty Co. v. Chevron USA, Inc.*, 575 F.3d 510, 513–14 (5th Cir. 2009) (quoting *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007)). Further,"[a]ny contested issues of fact and any ambiguities of state law must be resolved in the plaintiff's favor." *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 334 (5th Cir. 2004).

The court determines whether the plaintiff has asserted a reasonable basis to predict recovery against the non-diverse defendants by first conducting "a Rule (12(b)(6)-type analysis,

---

[18] Opposition to Motion to Remand (Rec. Doc. 24).

looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendants." *Smallwood*, 385 F.3d at 573. If the plaintiff has not stated a claim for relief in the complaint, the non-diverse defendants have been improperly joined. *Id.* If the plaintiff stated a claim for relief in the complaint, "[o]rdinarily, … there is no improper joinder." *Id.* However, if the plaintiff's complaint misstates or omits discrete facts, "the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.*

When a court pierces the pleadings, it considers "summary-judgment type evidence, [but] the standard for finding improper joinder is not the summary judgment standard in which an absence in the plaintiff's proof alone can be fatal." *Davidson*, 819 F.3d at 765 (citing *Travis v. Irby*, 326 F.3d 644, 650 n.3 (5th Cir. 2003)). Rather, in the summary inquiry, the court must consider all factual allegations in the complaint as true unless the defendant presents uncontested summary-judgment type evidence challenging the allegations. *McKee*, 358 F.3d at 334 (citing *Travis*, 326 F.3d at 649). The defendant has the burden of presenting uncontested evidence that the facts alleged in the complaint are not true, and as a result, the plaintiff has no reasonable basis to recover against the non-diverse defendants. *See id.* However, throughout the summary inquiry, the defendant has the burden of affirmatively presenting evidence that the plaintiff's claim cannot go forward; the defendant cannot simply point to the lack of evidence the plaintiff presented. *See id.* "The district court must also take into account the 'status of discovery' and consider what opportunity the plaintiff has had to develop its claims against the non-diverse defendant." *Id.* (citing *Travis*, 326 F.3d at 649).

II.     **Rule 12(b)(6) Type Analysis**

"It is well-established … that the Rule 12(b)(6) analysis [for improper joinder] necessarily incorporates the federal pleading standard articulated in *Bell Atlantic Corp. v.*

5

Twombly." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp.*, Ltd., 818 F.3d 193, 200 (5th Cir. 2016). Under *Twombly*, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," making the right to relief more than merely speculative. 550 U.S. 544, 555, 570 (2007). Motions to dismiss are generally "viewed with disfavor and [should be] rarely granted." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (quoting *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003)). "[The] Court construes the complaint liberally in favor of the plaintiff, and takes all facts pleaded in the complaint as true." *Id.* (quoting *Gregson*, 322 F.3d at 885). Additionally, because this is an analysis for improper joinder, all ambiguities of state law are resolved in the plaintiffs' favor. *McKee v. Kansas City S. Ry. Co.*, 358 F.3d at 334.

### a. Louisiana Civil Code Articles 2315 and 2316

The plaintiffs argue that they can recover against the non-diverse defendants based Louisiana Civil Code articles 2315 and 2316.[19] The elements of a cause of action under these articles are fault, causation, and damages. *Vicknair v. Hibernia Bldg. Corp.*, 479 So. 2d 904, 908 (La. 1985). The plaintiffs assert that the non-diverse defendants are at fault through their negligence. Under Louisiana law, negligence is determined by using a duty-risk analysis. *Audler v. CBC Innovis Inc.*, 519 F.3d 239, 249 (5th Cir. 2008) (citing *Lemann v. Essen Lane Daiquiris*, 923 So.2d 627, 633 (La.2006)).

Under this approach, plaintiff must prove the following five elements:

> "(1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause in fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the

---

[19] Article 2315 provides "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." Article 2316 provides: "Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill."

> plaintiff's injuries (the scope of liability or scope of protection element); and (5) the actual damages (the damages element)." *Lemann*, 923 So. 2d at 633 (citing *Fowler v. Roberts,* 556 So. 2d 1, 4 (La. 1989)). A negative answer to any of the inquiries of the duty-risk analysis results in a determination of no liability. *Mathieu v. Imperial Toy Corp.,* 646 So. 2d 318, 321 (La. 1994).

*Id.* The main issue contested by the parties is whether the non-diverse defendants owed a duty to the plaintiffs. The defendants raise three main arguments: (1) the non-diverse defendants did not owe a duty to the plaintiffs because the plaintiffs being harmed was not foreseeable; (2) the non-diverse defendants did not owe a duty to the plaintiffs because any duty imposed would be through a contract with the removing defendants to which the plaintiffs are not in privity; and (3) the non-diverse defendants did not owe a duty to the plaintiffs because the removing defendants had complete operational control over the non-diverse defendants.

      i.   **Foreseeability of the Duty**

"As applied in Louisiana, th[e] notion of duty is identical to Cardozo's concept of duty in *Palsgraf* [*v. Long Island R. Co.*, 248 N.Y. 339 (1928)]. If the injured party [is] unforeseeable to the defendant, then no duty of care exist[s] because as a matter of definition one owes no duty to that which is unforeseen." 12 La. Civ. L. Treatise, Tort Law § 4:2 (2d ed.). The defendants argue that the non-diverse defendants could not have foreseen that a breach of their duties would have injured the plaintiffs. However, the non-diverse defendants' duties were mainly to detect and fix pipeline leaks, and the court finds that the non-diverse defendants could have foreseen that landowners would be injured by negligent detections and repairs that caused brine to leak into the ground. Therefore, because the plaintiffs' injuries were foreseeable, the non-diverse defendants could owe a duty of care to them.

### ii. Duty Arising Out of Contract to a Third Party

Louisiana law is unclear as to whether a third party, who is not in privity of contract, can hold another tortiously liable for negligently fulfilling contractual duties when the negligence causes economic or environmental harm. In 1956, the Fifth Circuit, applying Louisiana law, determined that "nonperformance [of] a contract duty ow[ed] by the agent to his principal under a contract does not give rise to the tort liability against that agent, and, of course, the agent has no contract liability to a third party not in privity." *McClendon v. T.L. James & Co.*, 231 F.2d 802, 804 (5th Cir. 1956). However, other more recent Louisiana Supreme Court cases have found that parties under contract can be liable for third-party torts based on their performance of a contract to which the plaintiff is not in privity. *See, e.g., Thompson v. Winn-Dixie Montgomery, Inc.*, 2015-0477, pp. 10-11 (La. 10/14/15), 181 So. 3d 656, 664-65 (holding that a subcontractor cleaning service could be individually apportioned liability for its negligence under article 2315 to a store customer even though the cleaning duty arose out of a contract); *Barrie v. V.P. Exterminators, Inc.*, 625 So. 2d 1007, 1015 (La. 1993) ("Louisiana is a jurisdiction which allows recovery in tort for purely economic loss caused by negligent misrepresentation where privity of contract is absent."); *Vicknair*, 479 So. 2d at 910 (holding that a contractor had a duty toward a third party to not cause the fire alarm to falsely sound); *Upchurch v. State, ex rel. Louisiana Dep't of Transp.*, 45, 761, p. 8 (La. App. 2 Cir. 1/5/11), 57 So. 3d 361, 364 ("Any person or firm contracting with the highway department to repair a road likewise owes a duty to the public to perform the contract in such a manner so as not to expose those using the roads to any dangers which could be prevented by the use of ordinary and reasonable care."). *See also Baudoin v. Houston Exploration Co.*, No. G-06-0512, 2008 WL 4791480, *5-6 (S.D. Tex. Oct. 30, 2008) (comparing *Winget v. Colfax Creosoting Co.*, 626 So. 2d 370 (La. Ct. App. 3d Cir. 1993) with *Morcos v. EMS, Inc.*, 570 So.2d 69 (La. Ct. App. 4th Cir. 1990) and *State v. Joint Comm'n on*

*Accreditation of Hosps., Inc.*, 470 So. 2d 169 (La. Ct. App. 2d Cir. 1985), and finding that a contractual duty to inspect may create a tort duty in favor of third parties). The liability must be based on the contractors own action however. La. Civ. Code art. 2324(B). Neither party nor the court could find a Louisiana case that mirrored the situation here, where the plaintiffs suffered a non-personal injury harm as a result of the allegedly negligent performance of a contract between the defendants. On a motion to remand, the court must resolve the legal ambiguities in favor of the plaintiffs. *See McKee*, 358 F.3d at 334.

Therefore, under this standard, the court finds that a tort duty owed to a third party can arise from negligent performance of contractual duties. Furthermore, Louisiana has not limited the tort duty to only personal injury cases. *See Barrie*, 625 So. 2d at 1015. Accordingly, the non-diverse defendants could owe a tort duty to the plaintiffs to not perform their contractual duties in a negligent manner that could cause environmental harm.

### iii. Operational Control and Duty

For the first time in their objection to the Report and Recommendation, the plaintiffs argue that operational control is irrelevant to finding the non-diverse defendants negligent for their own individual actions.[20] Under Louisiana law, a principal can be vicariously liable for the actions of an independent contractor if it has operational control over the independent contractor. *Winn-Dixie*, 2015-0477, p. 12, 181 So. 3d at 665. However, if the principal is variously liable for the actions of an independent contractor, the independent contractor is not absolved of individual liability. *Moody ex rel. Moody v. Murray*, 50, 398, p. 7 (La. App. 2 Cir. 4/6/16), 189 So. 3d 508, 512 ("Although the employer is not a joint tortfeasor with its employee, they are still bound for

---

[20] The Report and Recommendation explains that the removing defendants presented evidence showing that they made the major decisions regarding the pipeline and that the non-diverse defendants were to follow those decisions. (Rec. Doc. 82). The Magistrate Judge concluded that operational control was relevant because the non-diverse defendants could not be tortuously liable for following the directions of the removing defendants. (Rec. Doc. 82).

9

the same thing—total reparation of the victim's damages. Therefore, under our law the employer and employee are solidary obligors.") (citation omitted). Therefore, whether Axiall had operational control over the non-diverse defendants is irrelevant to whether the non-diverse defendants had a duty toward the plaintiffs. The more pertinent inquiry is whether a negligent act or omission was completed by the non-diverse defendants.[21]

### iv. 12(b)(6) Analysis of Plaintiffs' Negligence Claims Against the Non-Diverse Defendants

Applying Louisiana negligence law as described above, the court agrees with the Report and Recommendation and finds that the plaintiffs have successfully stated a claim for relief. First, the plaintiffs adequately allege that the non-diverse defendants owed them a tort duty. In their complaint, the plaintiffs allege that Sun performed maintenance and inspection of the pipelines.[22] They also allege that Levingston, Turner, and Vector were hired to repair leaking pipelines and remedy damage caused by the leak.[23] As previously discussed, even if the duty arose out of the contract between the non-diverse defendants and the removing defendants, the non-diverse defendants would owe a tort duty to the plaintiffs to perform their contractual duties in a non-negligent manner. Also, the non-diverse defendants could have foreseen that adjacent landowners would be injured by negligent actions.

Second, the plaintiffs adequately allege that the non-diverse defendants breached their duty. The plaintiffs allege that the lines were not properly maintained or monitored, indicating that the non-diverse defendants breached their tort duty.[24] The plaintiffs also allege that "Levingston, Turner, and Vector failed to remove any of the [contaminated] soil on the

---

[21] Under Louisiana Civil Code article 2324(B), "[a] joint tortfeasor shall not be liable for more than his degree of fault and shall not be solidarily liable with any other person for damages attributable to the fault of such other person." The Louisiana Supreme Court applied this Code article in *Winn-Dixie*, and it found that a subcontractor was responsible for how it carried out its duties. 181 So. 3d at 665.
[22] Amended Compl. (Rec. Doc. 38), para. 15.
[23] Amended Compl. (Rec. Doc. 38), para. 32.
[24] Amended Compl. (Rec. Doc. 38), para. 42.

plaintiffs' land," which would be a breach of duty.[25] Finally, the plaintiffs allege that these breaches of duty caused them harm, including environmental damage to their land.[26] Therefore, in accordance with the Magistrate Judge's conclusion,[27] the plaintiffs' complaint states a negligence claim against the non-diverse defendants.

### III.     Misstated Facts in the Pleadings

The court next determines whether the plaintiffs misstated or omitted discrete material facts in their complaint. If the plaintiff misstated or omitted discrete material facts in the pleading, the court, in its discretion may pierce the pleadings and conduct a summary inquiry. *Smallwood*, 385 F.3d at 573. Here, the defendants have presented evidence that Sun's contract terminated in February 2014, that Levingston was not hired to repair the pipelines or remedy any damages, and that Vector did not work on the pipelines.[28] Based on these undisputed facts, the court comes to the same conclusion as the Magistrate Judge and pierces the pleadings to conduct a summary inquiry.

### IV.     Summary Inquiry

In a summary inquiry the defendant bears the burden of producing undisputed evidence that shows that there is no basis to predict that the plaintiffs can recover. *McKee*, 358 F.3d at 334 (citing *Travis*, 326 F.3d at 649).

#### a. Levingston and Vector[29]

The court first addresses the defendants' evidence regarding the non-diverse defendants, Levingston and Vector. The plaintiffs have offered no rebuttal evidence that they have a viable claim against Levingston and Vector. The plaintiffs appear to concede that they misstated

---

[25] Amended Compl. (Rec. Doc. 38), para. 34.
[26] Amended Compl. (Rec. Doc. 38), para. 44.
[27] Report and Recommendation (Rec. Doc. 82), p. 4.
[28] Affidavit of Tam (Rec. Doc. 24-1).
[29] Levingston and Vector are defendants only in *Boudreaux*, 14-cv-02283. The Magistrate Judge did not address whether these two parties were correctly joined.

discrete facts about those defendants.[30] Therefore, the court finds that there is no basis to predict recovery against Levingston and Vector.

### b. Sun and Turner

The defendants also argue that the plaintiffs cannot recover against Sun and Turner because Sun and Turner did not breach their duty and/or cause any of the plaintiffs' damage. To support their argument, the defendants presented evidence about the cause of the pipeline leaks, who had decision-making power over the cleanup of spills, and who had decision-making power over the detection of spills.[31] The Magistrate Judge addressed the first two arguments, finding that the evidence was sufficient to show improper joinder.[32] The Magistrate Judge did not specifically address whether the non-diverse defendants breached a tort duty by negligently inspecting the pipeline.[33]

The court addresses only the Defendants argument regarding the detection of spills. "It is undisputed ... that Sun and Turner...would walk and/or drive four wheelers along the length of the Brimstone right-of way for above ground visual signs of potential leaks from the brine pipelines which were underground."[34] In a deposition, an Axiall employee stated that Sun and Turner employees, while making a visual inspection of the ground, would use their own judgment to determine if they needed to report a pipeline leak to the removing defendants.[35] The employee further explained that he did not know whether Sun and Turner properly performed

---

[30] Plaintiff's Supp. Memo. in Support (Rec. Doc. 64), p. 10.
[31] Opposition to Plaintiff's Objection (Rec. Doc. 84), pp. 22-27.
[32] Report and Recommendation (Rec. Doc. 82).
[33] This is likely because the plaintiffs did not fully brief the issue until their objection to the Report and Recommendation.
[34] Opposition to Plaintiff's Objection (Rec. Doc. 84), pp. 26-27.
[35] Depo. of Tam (Rec. Doc. 65-10), pp.157-58.

this task.[36] The removing defendants have not presented undisputed evidence that Sun and Turner completed this task in a non-negligent manner.

The defendants argue that the court should apply the wrong standard within the summary inquiry and find that the plaintiffs' lack of evidence shows improper joinder. While "[s]ummary judgment jurisprudence clearly indicates that hinting at hypothetical questions of fact is insufficient to avoid summary judgment," *Scallion v. Hartford Life & Acc. Ins. Co.*, No. CIV.A. 08-2001, 2009 WL 2366559, at *4 (W.D. La. July 31, 2009), this is because during a summary judgment inquiry the party with the burden of proof at trial must produce evidence to support its claim. The court does not apply this standard to determine whether a party has been improperly joined. During a summary inquiry, the court considers "summary-judgment type evidence, [but] the standard for finding improper joinder is not the summary judgment standard in which an absence in the plaintiff's proof alone can be fatal." *Davidson*, 819 F.3d at 765 (citing *Travis*, 326 F.3d at 650 n.3). Rather, the defendant must affirmatively show that there is "no reasonable basis for the district court to predict that the plaintiff[s] might be able to recover against [the] in-state defendant[s]." *Smallwood*, 385 F.3d at 573. Here, the defendants have not affirmatively shown that Sun and Turner performed their visual inspections without negligence, and they cannot rely on plaintiffs' absence of proof in a summary inquiry.

Furthermore, courts that have relied on the status of discovery to find that a plaintiff's claim against a non-diverse defendant is merely theoretical without a reasonable chance of recovery have largely done so in situations where the plaintiff was unable to connect the defendant to the time and place of the injury. *See, e.g., Smith v. Union Carbide Corp.*, No. CIV.A. 13-6323, 2013 WL 6244199, at *5 (E.D. La. Dec. 3, 2013) (finding that evidence that the decedent could have worked at a job site during the same time a non-diverse defendant could

---
[36] Depo. of Tam (Rec. Doc. 65-10), p.158.

have provided material was too tenuous to provide a reasonable basis for relief); *Davidson v. Georgia Pac. LLC*, No. CIV.A. 12-1463, 2013 WL 1768015, at *5 (W.D. La. Apr. 24, 2013) ("There is nothing to indicate a reasonable possibility that either [non-diverse defendant] sold or installed asbestos-containing insulation during the relevant time period or that there was any asbestos-containing insulation present ... during the relevant time period."). In contrast, both parties agree that Sun and Turner were present at the pipeline when leaks occurred. Furthermore, the plaintiffs allege that their soil is contaminated by toxic brine even though the removing defendants reported to LDEQ that all the leaks were properly remediated.[37] This leads to the conclusion that either the leaks were not remediated or that leaks were not detected. Therefore, the allegations of negligent inspections are more than theoretically possible.

For these reasons, the defendants have failed to carry their burden that there is "no reasonable basis for the district court to predict that the plaintiff[s] might be able to recover against [the] in-state defendant[s]." *Id.* Rather, without evidence showing otherwise, the court must take the facts in the complaint as true— that the defendants, including the non-diverse defendants, caused environmental damage through negligent monitoring.[38] Because the defendants have failed to carry their burden for at least one the plaintiffs' theories of recovery, the court does not need to address each theory separately. Therefore, the non-diverse defendants were not improperly joined and the court will **GRANT** the plaintiffs' Motion to Remand (Rec. Doc. 17).

---

[37] Amended Compl. (Rec. Doc. 38), para. 20, 24. *See also* LDEQ Consolidated Compliance Order (Rec. Doc. 38-2) (discussing that Axiall reported that it remediated each spill). The defendants have not presented evidence to challenge the plaintiffs' assertion that the soil around the pipeline was contaminated, and so the court must accept the fact as true.

[38] Amended Compl. (Rec. Doc. 38), para. 16, 42, 43.

V.     **Attorney's Fees**

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as result of the removal." However, the court finds that the defendants had a good faith basis to assert removal, even though they were ultimately unsuccessful. Therefore, the plaintiffs' Motion for Attorney's Fees (Rec. Doc. 17) will be **DENIED.**

## CONCLUSION

Because the non-diverse defendants were not improperly joined, the removing defendants have not established that federal diversity jurisdiction exists and that removal was proper. For these reasons, the plaintiffs' Motion to Remand will be **GRANTED** and their Motion for Attorney's Fees will be **DENIED.**

Lake Charles, Louisiana, this 28 day of Sept, 2016.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE